IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01874–EWN-OES

CONNIE VASSOS,

    Plaintiff,

v.

DOLCE INTERNATIONAL/ASPEN, INC.,
d/b/a ASPEN MEADOWS RESORT,

    Defendant.

## ORDER DENYING MOTION TO AMEND COMPLAINT

This matter comes before the court on "Plaintiff's [Second] Motion to Amend the Complaint to Conform to the Evidence" (#65) filed July 19, 2005. The caption of the motion portends its first problem: it relies on the wrong rule, Fed. R. Civ. P.15(b). Rule 15(b) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

By its plain terms, rule 15(b) does not apply, because there has been no trial, much less a trial where defendant has expressly or impliedly consented to proceeding on issues not framed by the pleadings.

After correctly arguing the inapplicability of rule 15(b), defendant's response proceeds to contend that the amendment should be denied under the authority of rule 15(a). The court does not agree with this, either, because the course of federal civil litigation in this court for the last fifteen years has been set by a scheduling order, entered in this case by the magistrate judge on December 8, 2004. While that order expresses a deadline of January 21, 200**4** for amending pleadings, the court assumes that the expression is a typographical error and that the deadline established was January 21, 200**5**.

The entry of a scheduling order containing a deadline for amendment of pleadings shifts the analysis from rule 15 to rule 16(b). The pertinent part of rule 16(b) provides, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation. This rule assures the court and the parties that "at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16 advisory committee's note, 1983 amendment. A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Instead, the standard is the diligence demonstrated by the moving party in attempting to meet the court's deadlines.

*Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Good cause" under Rule 16(b) means that scheduling deadlines cannot be met despite a party's diligent efforts. 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Procedure</u> § 1522.1 at 231 (2d ed. 1990). In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note, 1983 amendment. "Rule 16(b) erects a more stringent standard, requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colorado Visionary*, 194 F.R.D. at 687. Under the law developed since enactment of rule 16 in its present form, untimeliness alone may be a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984).

Perhaps because plaintiff started at the wrong point, the motion does not even try to show "good cause" for modifying the scheduling order. Plaintiff has also know shown why she could not have amended the complaint in compliance with the deadline or why she did not earlier move for modification of the deadline. The motion (#65) must be DENIED.

SO ORDERED.

Dated this 30th day of August, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge