IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-01874-EWN-OES

CONNIE VASSOS,

Plaintiff(s),

GENERAL ASSURANCE COMPANY, a New York corporation,

Plaintiff-Intervenor,

v.

DOLCE INTERNATIONAL/ASPEN, INC., d/b/a ASPEN MEADOWS RESORT,

Defendant(s).

---

ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' EXPERTS [Doc. 78]

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

## BACKGROUND

This is a case in which plaintiff suffered injuries as a result of an automobile accident that occurred in late December of 2002.  Plaintiff was a passenger in a vehicle that was owned by defendant Aspen Meadows Resort, which was being driven by one of defendant's employees, defendant Angus Bottrell.

Plaintiff has filed a motion in which she asks that I strike two witnesses that defendants have designated as experts: Vincent Notabartolo, D.C., and Edward A. Toriello, M.D. (collectively, "the two doctors"). Plaintiff argues that these experts should be stricken because their disclosures pursuant to Rule 26(a)(2)(B) were deficient, and because neither doctor has any personal recollection of his examination of plaintiff.

General Assurance Company ("GAC"), which was an intervenor in this case, was plaintiff's personal injury no-fault, or PIP, insurer. Plaintiff filed a claim with GAC for her medical expenses, and as a part of those claims proceedings GAC directed plaintiff to submit to two Independent Medical Examinations, which were conducted by the doctors who are the subject of plaintiff's present motion. Plaintiff did submit to the two IME's, and both of the doctors prepared and submitted to GAC their respective opinions in regard to plaintiff's injuries.

On May 26, 2005, defendants filed a document that was titled, "Endorsement of Non-specially Retained Expert Witnesses." This endorsement included the names of the two doctors, and reflected the intentions of defendants either to offer or subscribe to the opinions of the two doctors in support of its defenses.

GAC filed its motion to intervene in this case in order to protect its desire to be reimbursed for the amounts that it had provided to plaintiff for medical expenses. It alleged that other insurers were primarily responsible for payment of the expenses.

On August 23, 2005, GAC notified the Court that it had settled the differences that existed between it and the parties who argued that GAC was the primary insurer. As a result of this settlement, GAC and defendants filed a stipulated motion to dismiss GAC from this lawsuit. Plaintiff did not object. On August 24, 2005, District Judge Edward W. Nottingham entered an order dismissing GAC from the suit.

## DISCUSSION

### 1

Plaintiff conducted depositions of both of the doctors. However, the depositions revealed that neither of the doctors had any present recollection of plaintiff or of the examination that they conducted upon her, and had no independent present memory of the opinions that they had offered in the reports that they had provided to GAC. Additionally, plaintiff demanded that each of the doctors provide lists of the cases in which they had previously offered either deposition or trial testimony, and the doctors were generally unable to do so. For these alleged failures to comply with Rule 26(a)(2)(B), plaintiff asks that the court strike both of the doctors as witnesses.

Defendants argue in their Response that striking the doctors as witnesses would not be appropriate, and would be a sanction that is more harsh than is warranted by the circumstances. *Citing* Bucher v. Gainey Transportation Service of Indiana, Inc., 167 F.R.D. 387, 389 (M.D.P.A. 1996). Defendants point out that they were not responsible for the retention or hiring of the two doctors. Rather, this was done by GAC as a part of plaintiff's claim for PIP coverage. In defendants' view, these doctors were not "specially retained" by them, and are not subject to the requirements of Rule 26.

Plaintiff argues that defendants are paying the experts for their testimony. Therefore, in plaintiff's view, the doctors, in fact, are specially retained by defendants.

### 2

I agree with the arguments of defendants. The Tenth Circuit Court of Appeals has held that the decision to strike an expert witness is "a drastic sanction." Summers

v. Missouri Pacific Railroad System, 132 F.3d 599, 604 (10th Cir. 1997).  Before taking such action, the Court directed trial judges to consider four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

Id.; *see also* Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 441 (D.Colo. 2000).  Although the circumstances presented here do not fit neatly within the factors recited by the Tenth Circuit, I do not find that the circumstances warrant the very serious sanction of the striking of defendants' two expert witnesses.

First, the failures of the two doctors to provide lists of their prior deposition or trial testimony is not, given the facts presented here, the type of failure that should warrant a sanction that ultimately would fall upon defendants.  Dr. Toriello explained during his deposition that in New York, where both he and Dr. Notabartolo practice, experts are not required to provide lists of prior cases as a part of their background information.  I presume that the doctor was referring to the fact that he and Dr.Notabarto practice primarily as IME witnesses for insurance companies such as GAC.  For that reason, they do not keep that sort of information as a part of their *curriculum vitae*.

Regardless of the doctor's reasons for not keeping records of their activities in prior lawsuits, the defendants themselves did not seek out or retain the two doctors for the purpose of conducting IME's or testifying in this case.  They were selected by an

entity that is no longer a party in this lawsuit, which retained the doctors for purposes other than for testimony in this case. Had defendants, in fact, been responsible for selecting these two doctors, I might view plaintiff's motion differently. Lawyers who practice in federal court are aware that any experts who are selected by them are required to provide lists of the cases in which they were previously involved. A failure by lawyers to obtain experts who possess appropriate credentials, ordinarily, could be visited upon the lawyers or their clients. But these defendants did not select or retain the two doctors. Rather, they were made a part of this case by virtue of the fact that they were participants in the insurance claims proceedings. For that reason, I decline to hold the defendants themselves responsible or punishable for the failures by these two experts to produce lists of their prior cases.

Second, I agree with the defendants' arguments that the testimony of the two doctors *may* be admissible before Judge Nottingham even though they lack any present memory of their examinations or opinions. I say "may" be admissible, because, ultimately, whether the doctors are permitted to testify at trial is an evidentiary issue that can only be resolved by Judge Nottingham, and he can only determine the issue during the trial itself.

I agree, as defendants have argued, that the doctors' testimony may be admissible at trial pursuant to one of two possible exceptions to the hearsay rule, either as past recollection recorded or as a business record. *See* Defts' Resp. at 7-11, *citing* F.R.E. 803(5) & (6). Nevertheless, admission of the doctors' testimony during trial requires an appropriate foundation *at that time*, and I decline to rule now that

5

defendants have presented, or are able to present, evidence that establishes the existence of the foundations that are required for the two rules of evidence upon which defendants rely. Even though the factual circumstances that have been presented by defendants in their Response appear to meet the foundational requirements for those two rules, I cannot anticipate in this Order what the doctors might testify at the trial. And the foundation for past recollection recorded, in particular, can only be presented during the trial itself. At any rate, defendants are afforded the relief that they require at this stage by my denial of plaintiff's motion to strike.

## ORDER

It is therefore ORDERED that Plaintiff's Motion to Strike Defendants' Retained Experts Vincent Notabartolo, D.C., and Edward A. Toriello, M.D. [Doc. 78, filed November 8, 2005] is DENIED.

Dated at Denver, Colorado, this day of: November 28, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
                                                O. Edward Schlatter
                                                United States Magistrate Judge