IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01874–EWN–MEH


CONNIE VASSOS,

     Plaintiff,

v.

DOLCE INTERNATIONAL/ASPEN, INC.,
ASPEN INSTITUTE, and
ANGUS MACKAY BOTTRELL,

     Defendants.

---

## ORDER AND MEMORANDUM OF DECISION
---

     This is a personal injury case.  Plaintiff Connie Vassos maintains that Defendant Angus Mackay Bottrell's negligence and Defendants Dolce International/Aspen, Inc.'s ("Defendant Dolce") and Aspen Institute's ("Defendant Aspen") breach of the duty of a common carrier, negligent supervision, and negligent entrustment led to a motor vehicle accident, which resulted in Plaintiff's injuries.  This matter is before the court on "Defendant Aspen Insitute's Motion for Summary Judgment," filed June 15, 2005.  Jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332 (2006).

# FACTS

## 1.    *Factual Background*

At all times relevant to the instant case, Plaintiff was a guest at the Aspen Meadows

Resort ("Aspen Meadows").  (Def. Aspen Institute's Mot. for Summ. J., Def. Aspen Institute's

Br. in Supp. for  Mot. for Summ. J., Statement of Undisputed Material Facts ¶ 1 [filed June 15,

2005] [hereinafter "Def.'s Br."]; *admitted at*  Pl.'s Objection [sic] to Def. Aspen Institute's Mot.

for Summ. J., Resp. to Statement of Undisputed Material Facts [filed June 29, 2005] hereinafter

"Pl.'s Resp."].)[1]  Defendant Aspen owns Aspen Meadows and maintains corporate offices there.

(*Id.*, Statement of Undisputed Material Facts ¶ 2; *admitted at* Pl.'s Resp., Resp. to Statement of

Undisputed Material Facts; *see also* Pl.'s Resp., Statement of Additional Undisputed Material

Facts Relevant to Pl.'s Objection ¶ 7; *admitted at* Def. Aspen Institute's Reply Br. in Resp. to

Pl.'s Objection to Aspen Institute's Mot. for Summ. J. [filed July 12, 2005] [hereinafter "Def.'s

Reply"].)[2]  Defendant Dolce manages Aspen Meadows pursuant to a management agreement with

Defendant Aspen.  (Pl.'s Resp., Statement of Additional Undisputed Material Facts Relevant to

Pl.'s Objection ¶ 8; *admitted at* Def.'s Reply, Reply Concerning Additional Undisputed Facts

Relevant to Pl.'s Objection.)  Defendant Bottrell was an employee of Defendant Dolce.  (Def.'s

---

[1]In a blanket statement at the beginning of her opposition brief, Plaintiff expressly "does not dispute any of the facts listed in Defendant [Aspen's] [] Statement of Undisputed Material Facts."  Accordingly, I do not assign paragraph numbers to Plaintiff's admissions.

[2]In a blanket statement at the beginning of its reply brief, Defendant Aspen expressly "does not dispute any of the facts listed in [Plaintiff's] Statement of Additional Undisputed Material Facts Relevant to Plaintiff's Objection."  Accordingly, I do not assign paragraph numbers to Defendant Aspen's admissions.

Br., Statement of Undisputed Material Facts ¶ 4; *admitted at* Pl.'s Resp., Resp. to Statement of

Undisputed Material Facts.)

On December 31, 2002, Plaintiff boarded an Aspen Meadows shuttle van driven by

Defendant Bottrell.  (*Id.*, Statement of Undisputed Material Facts ¶ 3; *admitted at* Pl.'s Resp.,

Resp. to Statement of Undisputed Material Facts.)  At some point while driving, Defendant

Bottrell lost control of the van, veered off the road, and crashed through a fence.  (Am. Compl

and Jury Demand ¶ 9 [filed Oct. 21, 2004] [hereinafter "Am. Compl."]; *see also* Def.'s Br.,

Statement of Undisputed Material Facts ¶ 6; *admitted at* Pl.'s Resp., Resp. to Statement of

Undisputed Material Facts.)  Defendant Bottrell was acting within the scope and course of his

employment with Defendant Dolce at the time of the accident.  (Def.'s Br., Statement of

Undisputed Material Facts ¶ 5.1; *admitted at* Pl.'s Resp., Resp. to Statement of Undisputed

Material Facts.)[3]

Defendant Aspen was the registered owner of the shuttle van Defendant Bottrell was

driving at the time of the accident.  (Pl.'s Resp., Statement of Additional Undisputed Material

Facts Relevant to Pl.'s Objection ¶ 1; *admitted at* Def.'s Reply, Reply Concerning Additional

Undisputed Facts Relevant to Pl.'s Objection.)  Aspen Meadows leased the shuttle van from

Sutton Leasing, Inc., and Defendant Dolce used the van in the operation of the resort.  (Def.'s

Br., Statement of Undisputed Material Facts ¶ 5.2; *admitted at* Pl.'s Resp., Resp. to Statement of

---

[3]In its statement of undisputed material facts, Defendant Aspen proffers two paragraphs numbered as paragraph five.  (Def.'s Br.)  Accordingly, I distinguish betwixt them by my own numbers one and two attached to Defendant Aspen's paragraphs five in the order in which they appear in Defendant Aspen's brief.

Undisputed Material Facts.)  The shuttle van, Defendant Bottrell's uniform, and various sundries

and items at Aspen Meadows were all emblazoned with the logo "Aspen Meadows [], Home of

[Defendant Aspen]."  (Pl.'s Resp., Statement of Additional Undisputed Material Facts Relevant to

Pl.'s Objection ¶¶ 2, 3, 6; *admitted at* Def.'s Reply, Reply Concerning Additional Undisputed

Facts Relevant to Pl.'s Objection.)

## 2.   *Procedural History*

On September 10, 2004, Plaintiff filed a complaint in this court asserting four claims for

relief against Defendant Dolce.  (Compl. and Jury Demand [filed Sept. 10, 2004].)  On October

21, 2004, Plaintiff filed an amended complaint, adding six claims and Defendants Aspen and

Bottrell.  (Am. Compl.)  Plaintiff asserts ten claims for relief: (1) negligence against Defendant

Bottrell; (2) negligence *per se* against Defendant Bottrell; (3) vicarious liability against Defendant

Aspen; (4) breach of the common carrier's duty of care against Defendant Aspen; (5) negligent

supervision against Defendant Aspen; (6) negligent entrustment against Defendant Aspen; (7)

vicarious liability against Defendant Dolce; (8) breach of the common carrier's duty of care

against Defendant Dolce; (9) negligent supervision against Defendant Dolce; and (10) negligent

entrustment against Defendant Dolce.  (*Id.*)  On November 15, 2004, Defendants Dolce and

Aspen each filed answers to Plaintiff's amended complaint.  (Def. Dolce International/Aspen,

Inc.'s Answer to Am. Compl. and Jury Demand [filed Nov. 15, 2004]; Answer and Jury Demand

[filed Nov. 15, 2004].)

On December 28, 2004, General Assurance Company ("Intervenor Plaintiff GAC") filed

an unopposed motion to intervene.  (Unopposed Mot. to Intervene as Pl. by General Assurance

Company [filed Dec. 28, 2004].)  On January 4, 2005, the Magistrate Judge in this case granted

GAC's motion.  (Min. Order [filed Jan. 4, 2005].)  On January 4, 2005, Intervenor Plaintiff GAC

filed a complaint, asserting the same ten claims as Plaintiff's amended complaint.  (Compl. in

Intervention of General Assurance Company [filed Jan. 4, 2005].)  On January 26, 2005,

Defendant Bottrell filed an answer to Plaintiff's amended complaint.  (Def. Angus Mackay

Bottrell's Answer to Am. Compl. and Jury Demand [filed Jan. 26, 2005].)  On February 2, 2005,

Defendants Bottrell and Dolce filed a joint answer to Intervenor Plaintiff GAC's complaint.

(Defs. Dolce International/Aspen, Inc. and Angus Mackay Bottrell's Answer to Compl. in

Intervention of General Assurance Company [filed Feb. 2, 2005].)  On February 4, 2005,

Defendant Aspen filed an answer to Intervenor Plaintiff GAC's complaint.  (Def. Aspen Institute's

Answer to Compl. in Intervention of General Assurance Company [filed Feb. 4, 2005].)

On June 15, 2005, Defendant Aspen filed a motion for summary judgment.[4]  (Def.'s Br.)

Defendant Aspen argues that Plaintiff cannot maintain her claims against it because Defendant

Aspen: (1) was not Defendant Bottrell's employer; (2) is not a common carrier; (3) did not

negligently supervise Defendant Bottrell; and (4) did not negligently entrust the shuttle van with

Defendant Bottrell.  (*Id.*)  On June 29, 2005, Plaintiff filed a response to Defendant Aspen's

---

[4]On August 24, 2005, the parties filed a stipulated motion for dismissal of Intervenor
Plaintiff GAC.  (Stipulated Mot. for Dismissal [filed Aug. 24, 2005].)  On August 30, 2005, I
granted the parties' motion.  (Order of Dismissal with Prejudice [filed Aug. 30, 2005].)
Defendant Aspen, recognizing that Plaintiff's first amended complaint and Intervenor Plaintiff
GAC's complaint are identical in all relevant respects, directed its motion for summary judgment
at both complaints.  (Def.'s Br.)  Accordingly, for the purposes of this Order, I treat Defendant's
motion as applicable to the only active pleading in this case, Plaintiff's first amended complaint.

motion.  (Pl.'s Resp.)  On July 12, 2005, Defendant Aspen filed a reply in support of its motion.
(Def.'s Reply.)

On July 18, 2005, Plaintiff concurrently filed a motion to amend her first amended
complaint and a second amended complaint.  (Pl.'s Mot. to Am. the Compl. to Conform to the
Evid. [filed July 18, 2005]; Second Am. Compl. and Jury Demand [filed July 18, 2005].)  On July
19, 2005, I struck Plaintiff's motion and second amended complaint for improper filing.  (Order
[filed July 18, 2005].)  On July 19, 2005, Plaintiff properly filed a motion to amend her first
amended complaint.  (Pl.'s Mot. to Am. the Compl. to Conform to the Evid. [filed July 19, 2005]
[hereinafter "Pl.'s Mot. to Am."].)  Plaintiff moved to allege claims against Defendant Aspen for
principal/agent liability and liability under the doctrine of apparent authority and agency.  (*Id.*)  On
July 21, 2005, Defendant Aspen filed a response to Plaintiff's motion.  (Def. Aspen Institute's
Resp. to Pl.'s Mot. to Am. the Compl. to Conform to the Evid. [filed July 21, 2005].)  On August
31, 2005, I denied Plaintiff's motion to amend.  (Order Denying Mot. to Am. Compl. [filed Aug.
31, 2005].)  I reasoned that Plaintiff had not shown good cause for amending her first amended
complaint approximately six months after the deadline for amending pleadings and more than two
months after the discovery deadline as set forth in the scheduling order in this case.  (*Id.*)  I
underscored that: (1) the standard for such amendment is "the diligence demonstrated by the
moving party in attempting to meet the court's deadlines;" and (2) Plaintiff failed to show "why
she could not have amended the complaint in compliance with the deadline or why she did not
earlier move for modification of the deadline."  (*Id.* at 2, 3.)

# ANALYSIS

## 1.      Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

### 2.      *Evaluation of Claims*

At the outset, I note that in her brief, Plaintiff does not directly address Defendant Aspen's arguments in its motion for summary judgment, or her own claims in her first amended complaint. (Pl.'s Br., *passim*.)  Plaintiff's sole argument in response to Defendant Aspen's motion is that "a jury could reasonably find [Defendant Aspen] vicariously liable for each of [P]laintiff's claims against it under ordinary principles of agency." (*Id.* at 8.)  More specifically, Plaintiff argues that Defendant Aspen is liable due to: (1) an agency relationship between Defendant Aspen and Defendant Dolce, which imputed liability to Defendant Aspen for Defendant Dolce's actions; and (2) Defendant Bottrell's apparent authority as Defendant Aspen's agent.  (Pl.'s Resp. at 4–8.) Plaintiff does not argue Defendant Aspen's liability based on agency or apparent authority in her first amended complaint.  (Am. Compl., *passim*.)

Courts may treat new claims raised in a plaintiff's opposition to summary judgment as a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15.  *See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 790 n.9 (10th Cir. 1998).  Generally, a plaintiff ought not be prohibited to pursue a valid claim due to the plaintiff's failure to set forth in the complaint a theory upon which he could recover, so long as the "'late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'"  *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991) (quoting 5 Wright & Miller, Federal Practice & Procedure § 1219 at 194 [1990]).  Indeed, the Tenth Circuit has held that "the purpose of 'fact pleading,' as provided by [Federal Rule of Civil Procedure] 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact

developed in detail before the complaint is filed . . . ." *Evans*, 936 F.2d at 1091.  Notably, this pleading standard, although liberal, does not "permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case.  This practice, if permitted, would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Evans*, 936 F.2d at 1091.

Viewing Plaintiff's response to Defendant's motion for summary judgment as a motion to amend her first amended complaint, Plaintiff's motion presently before this court is essentially the same as that which she filed on July 19, 2005.  (Pl.'s Resp; Pl.'s Mot. to Am.)  I am similarly unimpressed.  Pursuant to the scheduling order filed by the Magistrate Judge in this case, the deadline for amending pleadings was January 21, 2005 and the discovery deadline was May 1, 2005.[5]  (Scheduling Order [filed Dec. 8, 2004].)  Plaintiff filed her response to Defendant Aspen's motion on June 29, 2005, five months after the pleading amendment deadline passed and nearly two months after the close of discovery.  (Pl.'s Resp.)  Further Plaintiff offers no argument why this court should amend her first amended complaint.  Rather, Plaintiff's response consists *in toto* of her arguments regarding Defendant Aspen's liability through agency and apparent authority. (Pl.'s Br.)  It is well settled in the Tenth Circuit that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation."

_____

[5]The scheduling order actually reflects an amendment deadline of January 21, 2004, which I assume to be a typographical error, given that the scheduling order itself was filed in December 2004.  (Scheduling Order [filed Dec. 8, 2004].)

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 [10th Cir. 1991]; *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 [10th Cir. 1990]; *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 [10th Cir. 1987]).  Plaintiff's motion to amend is unjustifiably untimely.  Therefore, Plaintiff's motion is denied.

Moreover, I submit that amending Plaintiff's complaint would be an exercise in futility, for even if I were to entertain Plaintiff's proposed amendment, Plaintiff falls woefully short of meeting the burdens imposed upon her by the Federal Rules of Civil Procedure and long-established case law to survive summary judgment.  In motions for summary judgment, the nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006).  Plaintiff's allegations regarding Defendant Aspen's liability through agency and apparent authority simply do not speak to Defendant Aspen's arguments contained in its motion for summary judgment.  Plaintiff argues literally nothing beyond these theories of liability in her response brief.  In short, Plaintiff does not respond to Defendant Aspen's arguments, or — at best — responds in *non sequitur*.  I briefly address Plaintiff's claims and Defendant Aspen's arguments in turn.

  *a.*  ***Vicarious Liability***

Defendant Aspen moves for summary judgment on Plaintiff's third claim for vicarious liability.  (Def.'s Br. at 5–6.)  In her complaint, Plaintiff alleges that Defendant Aspen was Defendant Bottrell's employer and is thus vicariously liable for Defendant Bottrell's actions.

(Am. Compl. ¶¶ 20–23.)  In Colorado, an employer is vicariously liable for an employee's acts of negligence committed within the scope of employment, pursuant to the historied doctrine of *respondeat superior*.  *Grease Monkey Int'l, Inc. v. Montoya*, 904 P.2d 468, 473 (Colo. 1995). Defendant argues that it was not Defendant Bottrell's employer and thus cannot be held vicariously liable for his actions.  (Def.'s Br. at 5–6.)  The parties do not dispute that Defendant Bottrell was an employee of Defendant Dolce — not Defendant Aspen — and was acting withing the scope of Defendant Dolce's employment at the time of the accident.  (Def.'s Br., Statement of Undisputed Material Facts ¶¶ 4, 5.1; *admitted at* Pl.'s Resp., Resp. to Statement of Undisputed Material Facts.)  Defendant Aspen was not Defendant Bottrell's employer and thus cannot be subject to vicarious liability.

Even were I to entertain Plaintiff's arguments offered in her response, Plaintiff still could not survive summary judgment.  Plaintiff argues that the management agreement between Defendant Dolce and Defendant Aspen created an agency relationship, thereby making Defendant Aspen liable for Defendant Dolce's actions, so long as those actions were committed within the scope of the agency.  (Pl.'s Resp. at 4.)  Plaintiff argues further that Defendant Dolce's actions were committed within the scope of the agency because it is undisputed that Defendant Bottrell was acting within the course of his employment at the time of the accident.  (*Id.*)  In support of her argument, Plaintiff relies exclusively on two wholly inapposite cases regarding a principal's liability for an agent's unauthorized entry into contracts or other transactions on the principal's behalf.  *See White v. Brock*, 584 P.2d 1224, 1227 (Colo Ct. App. 1978) (principal liable for agent's unauthorized issuance of a promissory note during real estate sale); *Fisk v. Greeley*

*Electric Light Co.*, 33 P. 70 (Colo. Ct. App. 1893) (principal potentially liable for payment for fixtures agent contracted to purchase without principal's authorization).  Plaintiff does not allege that Defendant Dolce entered into any unauthorized contracts or other binding transactions on Defendant Aspen's behalf in this case.  Accordingly, Plaintiff's unsubstantiated argument that Defendant Aspen is liable through agency principles is merely a conclusory allegation. Conclusory allegations, without more, are insufficient to create an issue of fact for summary judgment.  *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004).

Plaintiff's arguments regarding apparent authority are similarly unavailing.  Plaintiff argues that Defendant Aspen, through its insignia on Defendant Bottrell's uniform and on the shuttle van, caused Plaintiff to believe that Defendant Aspen, "acting as the principal, had authorized its agent ([Defendant Dolce/Defendant Bottrell]) to drive the shuttle van for [Defendant Aspen]."  (Pl.'s Br. at 6–4.)  Plaintiff makes no citation to the record to support her allegations.  (*Id.*)  Plaintiff cannot create a genuine issue of fact to defeat summary judgment merely with these conclusory allegations.  *Annett*, 371 F.3d at 1237.  Accordingly, Plaintiff has not raised an issue of fact as to Defendant Aspen's vicarious liability for Defendant Bottrell's actions.  Defendant Aspen is entitled to summary judgment on Plaintiff's third claim for relief.

### b.    Breach of the Common Carrier's Duty of Care

Defendant Aspen moves for summary judgment on Plaintiff's fourth claim for breach of the common carrier's duty of care.  (Def.'s Br. at 6–7.)  In her complaint, Plaintiff asserts that Defendant Aspen was a common carrier and owed Plaintiff a duty "to exercise the very highest degree of care consistent with the operation of the shuttle bus," which it breached through the

-12-

acts of Defendant Bottrell.  (Am. Compl. ¶¶ 24–27.)  "A common carrier has the duty of giving

adequate and sustained public service at reasonable rates, without discrimination.  Any failure in

that respect makes it civilly liable . . . .  A common carrier is held to the highest degree of care."

*De Lue v. Public Utilities Com.*, 169 Colo. 159, 166–67 (Colo. 1969).  Defendant Aspen argues

that it is not a common carrier and therefore did not owe Plaintiff the duty of care ascribed

thereto.  (Def.'s Br. at 6–7.)

Colorado Revised Statutes section 40–1–102(3)(a)(I) defines a common carrier as

"[e]very person directly or indirectly affording a means of transportation, or any service or facility

in connection therewith, within this state by motor vehicle, aircraft, or other vehicle whatever by

indiscriminately accepting and carrying for compensation passengers between fixed points or over

established routes . . . ."  Colo. Rev. Stat. § 40–1–102(3)(a)(I) (2005); *see Yellow Cab*

*Cooperative Asso. v. Colorado Ground Transp. Center, Inc.*, 654 P.2d 1331, 1333 (Colo. Ct.

App. 1982) (noting statutory requirement that a common carrier accept and carry passengers or

property without discrimination); *Denver Cleanup Service, Inc. v. Public Utilities Com.*, 561

P.2d 1252, 1253 (Colo. 1977) ("[A] common carrier is one which must indiscriminately accept

and carry passengers or property between fixed points or over established routes." ).  Defendant

Aspen argues that: (1) it did not operate the shuttle van service; (2) use of the shuttle van service

was limited to guests of Aspen Meadows; and (3) the shuttle van service was free of charge.

(Def.'s Br. at 6–9.)  I need only address Defendant's second two arguments.

In support of its argument, Defendant Aspen relies on the deposition testimony of the bell

captain at Aspen Meadows that the van shuttle service involved "taking people to certain stops in

-13-

town, and then when they call, go[ing] and pick[ing] them up. . . .  It's complimentary from the

airport."  (*Id.*, Ex. F–1 at 6 [Barr Dep.])  Indeed, Plaintiff herself testified that "[t]here was no

payment" for the shuttle van to pick her and a party up from a rental car agency office and drop

off the party at a particular address.  (*Id.*, Ex. G–1 at 29 [Vassos Dep.].)  Even were I to amend

Plaintiff's complaint, Plaintif's allegations — unspecific as to this claim or any other — that

Defendant Aspen is liable through either its agency with Defendant Dolce or Defendant Bottrell's

apparent authority simply do not raise an issue of fact to dispute Defendant Aspen's argument

that it was not a common carrier.  (Pl.'s Resp.)  Plaintiff fails to evince an issue of fact as to her

claim for breach of the duty of a common carrier.  Accordingly, Defendant Aspen is entitled to

summary judgment on Plaintiff's fourth claim.

       **c.**    ***Negligent Supervision and Negligent Entrustment***

      Defendant Aspen moves for summary judgment on Plaintiff's fifth and sixth claims for

negligent supervision and negligent entrustment.  (Def.'s Br. at 9–13.)  Plaintiff alleges that

Defendant Aspen: (1) maintained Defendant Bottrell under its direction, control, and supervision;

(2) knew or should have known that Defendant Bottrell was not competent to drive the shuttle

van; (3) breached its duty of care by entrusting Defendant Bottrell with the shuttle van and by

failing to supervise Defendant Bottrell in his operation of the shuttle van; and (4) created an

unreasonable risk of harm by its failures.  (Am. Compl. ¶¶ 28–36.)

      In Colorado, an employer may be liable for negligent supervision if the employer knows or

should have known that an employee's conduct would subject third parties to an unreasonable

risk of harm. *Destefano v. Grabrian*, 763 P.2d 275, 288 (Colo. 1988)  The plaintiff must

establish that the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment. *Id.* Similarly, in Colorado, a successful claim for negligent entrustment requires: "(1) a supplier permitting a third party to use a thing or engage in an activity; (2) which is under the control of the supplier; and (3) the supplier giving such permission either knowing or having reason to know that the third party intends or is likely to use the thing in such a manner as to create an unreasonable risk of harm to others." *Casebolt v. Cowan*, 829 P.2d 352, 357 (Colo. 1992) (citing *Hasegawa v. Day*, 684 P.2d 936, 939 [Colo. Ct. App. 1983].) Defendant Aspen argues that it: (1) did not have control over the shuttle van at the time of the accident; (2) did not know or have reason to know that Defendant Bottrell would use the shuttle van in a manner creating an unreasonable risk of harm. (Def.'s Br. at 9–13.) Defendant Aspen argues further that even if it were liable as Defendant Dolce's principal, Defendant Dolce did not know or have reason to know that Defendant Bottrell's driving the shuttle would create an unreasonable risk of harm. (*Id.*)

Defendant Aspen supports its argument with record evidence. Specifically, Defendant Aspen refers to the testimony of: (1) Defendant Bottrell's supervisor that Defendant Bottrell never indicated he would not be able to perform the duties of his job and possessed a valid driver's license; and (2) Aspen Meadows's bell captain that Defendant Bottrell never indicated he had any medical problems, had ever "blacked out," or had ever been involved in any motor vehicle accidents. (Def.'s Br., Ex. E–1 at 12, 16, 17 [McIntyre Dep.], Ex. F–1 at 11–12 [Barr Dep.].)

I make no findings as to Defendant Dolce's knowledge at this juncture, but note that Plaintiff has offered no evidence to rebut Defendant Aspen's argument. Plaintiff's blanket

allegations regarding agency and apparent authority, even were I to accept them, cannot call into question — and indeed do not even speak to — the substantiated allegations Defendant Aspen presents regarding its lack of actual and constructive knowledge regarding Defendant Bottrell's propensity to create an unreasonable risk of harm.  Accordingly, Plaintiff does not raise an issue of fact as to Defendant Aspen's negligent supervision or negligent entrustment.  Defendant Aspen is entitled to summary judgment on Plaintiff's fifth and sixth claims.

*3.*      *Conclusions*

Based on the foregoing it is therefore ORDERED that:

1.      Defendant Aspen's motion for summary judgment (# 56) is GRANTED.

2.      The Final Judgment entered at the conclusion of the case will include judgment in favor of Defendant Aspen and against Plaintiff, dismissing Plaintiff's third, forth, fifth, and sixth claims with prejudice.  Defendant Aspen will receive its costs by filing a bill of costs within eleven days of the date of the Final Judgment.

3.      The court will hold a Final Pretrial Conference commencing at 3:15 o'clock p.m. on **May 5, 2006**, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd  These specific web addresses should be used to insure that the proper format is observed.

-16-

Dated this 31st day of March, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge